IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Alex Manuel Figueroa Carreras,<br><br>         Petitioner,<br><br>              v.<br><br>Frances Rivera, Warden, MDC Guaynabo,<br><br>         Respondent. | **Civil No. 25-1114 (GMM)** |

### MEMORANDUM AND ORDER

Before the Court is Petitioner Alex Manuel Figueroa-Carreras' ("Petitioner") *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* ("Writ") and *Emergency Motion for Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil Procedure* ("Request for Preliminary Injunction"). Respondent Frances Rivera ("Respondent"), Warden at the Bureau of Prisons ("BOP") at the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC") filed her *Opposition to Petitioner's Motion for Preliminary Injunction and Motion to Dismiss Petition for Writ of Habeas Corpus* ("Motion to Dismiss the Writ") at Docket No. 8. Subsequently, Petitioner filed a *Reply to Government's Response to Petition for Writ of Habeas Corpus and Opposition to Motion for Preliminary Injunction* ("Reply"). *See* (Docket No. 12). The Court afforded Respondent until May 7, 2025, to file her surreply. Respondent failed to do so and asked for a further extension of time, until

May 22, 2025, to file her surreply. *See* (Docket No. 13). The Court will proceed to gauge the Writ and address the Motion to Dismiss the Writ without the benefit of Respondent's surreply.

### I.    BACKGROUND

On February 21, 2025, Petitioner filed his Writ and Request for Preliminary Injunction. (Docket Nos. 1; 2). In sum, Petitioner argues that he "has already fully served the sentence imposed by this Court when properly calculated under the First Step Act [("FSA")], the Second Chance Act, and the application of Good Conduct Time [("GCT")]." (Docket No. 1 at 1). However, Petitioner claims that the BOP miscalculated the time Petitioner was required to serve and thus remains "unlawfully detained at MDC Guaynabo." (Id.).

According to Petitioner, on August 23, 2023, he was sentenced to a total of 41 months of imprisonment, which comprised of a 33-month term in Criminal Case No. 3:22-cr-00331 (PAD) and a consecutive 8-months of imprisonment revocation sentence in Criminal Case No. 3:07-cr-00488 (PAD). (Id. at 2, 5). Petitioner posits that his release date should be December 17, 2024, or around two months before the filing of the Writ. (Id. at 6-8).

In or around October of 2023, more than a year before Petitioner's alleged release date, Petitioner submitted a request via the Trust Fund Limited Inmate Computer System ("TRULINCS") requesting correction of the alleged sentence computation errors.

**Civil No. 25-1114 (GMM)**
**Page -3-**

(Docket Nos. 1 at 8; 2 at 14-15). According to him, he received no substantive response. (Docket Nos. 1 at 8; 2 at 14-15). Later, on December 26, 2023, Petitioner followed-up with his request, again through TRULINCS, reiterating his concerns about BOP's miscalculations. (Docket Nos. 1 at 8; 2 at 14-15). Petitioner claims that BOP again failed to respond or correct the alleged miscalculations. (Docket Nos. 1 at 8; 2 at 14-15).[1]

With this factual picture, Respondent calls for the summary denial of the Writ and the Request for Preliminary Injunction since Petitioner failed to exhaust administrative remedies. (Docket No. 8 at 2). Respondent also argues that Petitioner cannot show a likelihood of success on the merits since Petitioner's imprisonment term was computed in accordance with the applicable statute, the intent of the sentencing Court, and BOP policy. (Id. at 10).

In his Reply, Petitioner argues that he made a "good-faith, legally proper efforts to invoke the administrative remedy

---

[1] Over a year later, on the date of the filing of the Writ, Petitioner, through his counsel of record, filed an *Emergency Administrative Remedy Request (BP-9 Form – Request for Administrative Remedy)* ("BP-9 Form") with the BOP. (Docket No. 12-1). The BP-9 Form memorializes what Petitioner believes to be the correct release date, after calculating earned credits. (Id.). Notably, however, Petitioner added this information in his opposition to the Motion to Dismiss. Ordinarily, a court "may not. . .take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleading under Rule 7(a)." Torres-Medina v. Wormuth, Civil No. 21-1362 (SCC), 2022 WL 3557049, at *3, n. 1(D.P.R. Aug. 18, 2022) (*quoting* Bates v. Green Farms Cond. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020)).

process." (Docket No. 12 at 3). However, due to Respondent's silence, Petitioner posits that the administrative remedies are not truly "available" to Petitioner since they are a dead end. (Id. at 5). Such dead end, Petitioner argues, should exempt the exhaustion of the administrative remedies.

## II. STANDARD OF REVIEW

The Court will examine Respondent's Motion to Dismiss the Writ "according to the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6)." Walsh v. Boncher, 652 F.Supp.3d 161, 164 (D. Mass. 2023) (*quoting* Cardoza v. Pullen, 3:22-CV-00591 (SVN), 2022 WL 3212408, at *3 (D. Conn. Aug. 9, 2022)).

To survive Respondent's Motion to Dismiss, Petitioner's Writ must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Walsh, 652 F.Supp.3d at 164; Levine v. U.S. Dep't of Fed. Bureau of Prisons, Civil No. 20-11833 (ADB) 2021 WL 681689, at *1-2 (D. Mass. Feb. 22, 2021). In its review, the Court accepts "all well-pled facts in the [Writ] as true, and draw[s] all reasonable inferences in favor of the [Petitioner]." Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (*citing* Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011)).

### III. DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") decrees that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis supplied); *see also* Ross v. Blake, 578 U.S. 632, 635 (2016). This language is mandatory. *See* Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA."); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory." (*citing* Booth v. Churner, 532 U.S. 731, 739 (2001)). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" Blake, 578 U.S. at 636. The Supreme Court in Blake listed certain situations in which the administrative procedure can be rendered unavailable: (1) it operates as a dead end – "with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. at 643; (2) the administrative procedure is "so opaque that it becomes, practically speaking, incapable of use." Id.; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. 578 U.S. at 644.

Here, to comply with the mandate that he must exhaust administrative remedies, Petitioner needed to proceed pursuant to the Administrative Remedy Program, 28 C.F.R. §§ 542.10 *et seq* as it is <u>mandatory</u>. That is, Petitioner was required to: (1) attempt an informal resolution with BOP's staff, 28 C.F.R. § 542.13(a); (2) if Petitioner was not satisfied with the informal resolution of his claim, Petitioner should have then submitted a formal written Administrative Remedy Request to the Warden through a "BP-9" form within 20 days of the events which form the basis of Petitioner's request, 28 C.F.R. § 542.14(a); (3) if Petitioner was not satisfied with the response to the formal request, he should have then submitted an appeal to the appropriate Regional Director through a "BP-10" form within 20 days of the date the Warden signed the BP-9 form, 28 C.F.R. § 542.15(a); and (4) if Petitioner was not satisfied with the Regional Director's response, he should have then appealed to the BOP's Office of General Counsel through a "BP-11" form within 30 days of the date the Regional Director signed the response, 28 C.F.R. § 542.15(a). Note that in each level or step, if Petitioner does not receive a response within the time allotted by the Administrative Remedy Program, said absence of a response may be considered as a denial. *See* 28 C.F.R. § 542.18.

By Petitioner's own filing, it is evident that he failed to exhaust the available administrative remedies. On October 11, 2023, Petitioner submitted a request via TRULINCS requesting

correction of his sentence computation errors; he received no substantive response. *See* (Docket No. 1 at 8). Later, on December 26, 2023, he submitted a follow-up request through TRULINCS, reiterating his concerns; BOP again failed to respond. *See* (id.). The Court will assume *in arguendo* that Petitioner's correspondence with BOP staff was an "informal attempt" that satisfies the first step of the proper procedure under the Administrative Remedy Program.

On February 21, 2025, without more, Petitioner filed the instant Writ before this Court. Petitioner circumvented every formal step of the Administrative Remedy Program. Petitioner reasoned that he could obviate the exhaustion of the Administrative Remedy Program because he was met with "silence" when he utilized the informal correspondence mechanism to submit his request to the BOP. (Docket No. 12 at 4). Petitioner posits that the Court must construe that silence as a "constructive denial, and by regulation, may be deemed a final agency decision." (Id.). To be sure, by regulation, failure to respond is indeed construed as a denial. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial *at that level*." (emphasis supplied)). However, in the Court's view, a denial via "silence" cannot be considered a final agency decision *before* Petitioner even submitted a BP-9 form or appealed to the

Regional Director. Per the Administrative Remedy Program, "[a]ppeal to the General Counsel [of the BOP] is the final administrative appeal." 28 C.F.R. § 542.15(a).

Consequently, if it is true that Respondent did not respond to Petitioner's TRULINCS correspondence, according to the applicable regulation, then Petitioner needed to construe such absence of response as a denial, and he needed to then commence the formal processes of the Administrative Remedy Program and walk up its mandatory steps.[2]

Regrettably, Petitioner abandoned the process set forth by the Administrative Remedy Program. Considering the above, the Court cannot disregard standing Supreme Court precedent and related caselaw to deem the administrative remedy as unavailable or that its exhaustion would be futile.[3] *See, e.g.,* Mirafuentes-

---

[2] Again, the Court notes that Petitioner claims that he filed the BP-9 Form on February 21, 2025, the same date he filed the Writ. *See* (Docket Nos. 12 at 4; 12-1). Because he did not include this information in his Writ, the Court will disregard it. In any case, such information bolsters the Court's reasoning. Even if the Court considers such submission as a satisfaction of the second step of the Administrative Remedy Program, Petitioner still failed to exhaust available administrative remedies. Indeed, **Petitioner filed the Writ before Respondent received the BP-9 Form.** *See, e.g.,* Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (holding that Congress "clearly made the exhaustion of administrative remedies a necessary antecedent to filing a claim in federal court. . .").

[3] Without deciding, the Court notes that higher courts have suggested, if not flat-out rejected, futility exceptions to the PLRA's exhaustion requirement. *See, e.g.,* Medina-Claudio, 292 F.3d at 35 ("there is no futility exception to the PLRA exhaustion requirement." (*quoting* Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) (internal quotations omitted)); Blake, 578 U.S. 642 ("The PLRA's history (just like its text) thus refutes a 'special circumstances' exception to its rule of exhaustion."); Booth, 532 U.S. at 741, n. 6 ("Without getting into the force of this claim generally, we stress the point. . .that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Valdez v. FCI Elkton, No. 4:23-CV-1289, 2024 WL 872283, at *2 (N.D. Ohio Jan. 29, 2024) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." (quoting Harsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)), report and recommendation adopted sub nom. Mirafuentes-Valdez v. Warden, FCI Elkton, No. 4:23 CV 1289, 2024 WL 866316 (N.D. Ohio Feb. 29, 2024). Nothing on the record supports such a finding.

Lastly, as to the Request for Preliminary Injunction, because Petitioner failed to exhaust his administrative remedies, he cannot show a likelihood of success on the merits. See, e.g., Perry v. Bowers, No. 1:24-CV-12060-JEK, 2024 WL 4581509, at *3 (D. Mass. Oct. 25, 2024) ("Perry cannot satisfy the first element of the test, a likelihood of success on the merits, because he has failed to exhaust his administrative remedies."); see also Swain v. Junior, 958 F.3d 1081 (11th Cir. 2020); White v. Spaulding, No. CV 19-11102-FDS, 2019 WL 2331629, at *2 (D. Mass. May 31, 2019); Waite v. Hoyt, No. 22-CV-071-SE-AJ, 2024 WL 4301912, at *8 (D.N.H. Sept. 26, 2024). Consequently, Petitioner's Request for Preliminary Injunction necessarily fails. See Arborjet, Inc. v. Rainbow Treecare Scientific Advancements, Inc., 794 F.3d 168, 172-73 (1st Cir. 2015) ("In this circuit, proving likelihood of success on the merits is the 'sine qua non' of a preliminary injunction. [I]f the moving party cannot demonstrate that he is likely to succeed in

his quest, the remaining factors become matters of idle curiosity." (*quoting* New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's Motion to Dismiss the Writ (Docket No. 8) and DENIES Petitioner's Writ (Docket No. 1) and Request for Preliminary Injunction (Docket No. 2). The Court's DENIAL is WITHOUT PREJUDICE as it did not reach the merits of Petitioner's Writ. Petitioner may refile a petition for habeas relief under 28 U.S.C. § 2241 after exhausting his administrative remedies with the BOP.

IT IS SO ORDERED.

In San Juan, Puerto Rico, May 11, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE